Beals v Roman Catholic Archdiocese of N.Y. (2025 NY Slip Op 05292)

Beals v Roman Catholic Archdiocese of N.Y.

2025 NY Slip Op 05292

Decided on October 02, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 02, 2025

Before: Moulton, J.P., Kennedy, González, Shulman, Rodriguez, JJ. 

Index No. 950159/19|Appeal No. 4837|Case No. 2025-00834|

[*1]Steven Beals, Plaintiff-Respondent,
v
The Roman Catholic Archdiocese of New York, Defendant-Appellant, St. Clare's Church, et al., Defendants.

Wilson Elser Moskowitz Edelman & Dicker LLP, New York (Patrick J. Lawless of counsel), for appellant.
Slater Slater Schulman, LLP, Melville (Niraj J. Parekh of counsel), for respondent.

Order, Supreme Court, New York County (Sabrina B. Kraus, J.), entered January 31, 2025, which, after in camera review, directed defendant Roman Catholic Archdiocese of New York to produce unredacted materials from its Tribunal File concerning disciplinary proceedings against former priest Ralph Gregory LaBelle, unanimously affirmed, without costs.
Supreme Court providently directed the Archdiocese to produce an unredacted copy of the file of the Tribunal proceedings against defendant LaBelle, which contains allegations by individuals concerning his behaviors, because the information sought could lead to the discovery of relevant and admissible evidence (see Twenty Four Hour Fuel Oil Corp. v Hunter Ambulance, 226 AD2d 175, 175 [1st Dept 1996]). Specifically, whether the Archdiocese was aware of the possible danger the priest posed, whether the priest engaged in patterns of abuse, and whether the Archdiocese acted reasonably to protect children from being sexually abused (see J.L. v Archdiocese of N.Y., 236 AD3d 569, 569-570 [1st Dept 2025]; T.B. v Roman Catholic Archdiocese of N.Y., 237 AD3d 529, 529-530 [1st Dept 2025]; McNierney v Archdiocese of N.Y., 221 AD3d 489, 489 [1st Dept 2023]).
Nor does the fact that documents in the Tribunal file post-date the latest abuse alleged in the complaint require a different result. The requested materials potentially contain admissible modus operandi evidence (see J.L., 236 AD3d at 569-570; T.B., 237 AD3d at 529-530), or potentially evince a patterned response to abuse allegations (see Melfe v Roman Catholic Diocese of Albany, N.Y., 196 AD3d 811, 814 [3rd Dept 2021]).
Furthermore, discovery of the material does not violate the Archdiocese's First Amendment rights. While the records concern the church's removal of LaBelle from the priesthood, this action does not contest or in any way implicate that decision or the religious doctrine upon which it was based (cf. Hosanna-Tabor Evangelical Lutheran Church & Sch. v EEOC., 565 US 171 [2012]; Matter of Congregation Yetev Lev D'Satmar, Inc. v Kahana, 9 NY3d 282, 286 [2007]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 2, 2025